UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-62239

CONSUMERS UNIFIED, LLC

    Plaintiff,

vs.

INTERNATIONAL VAN LINES INC.,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Consumers Unified, LLC ("Consumers Unified" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, International Van Lines Inc. ("Defendant") and alleges as follows:

### The Parties

1. Plaintiff is a Delaware limited-liability corporation with an address at 601 S. Boulder Ave., Suite 1600, Tulsa, Oklahoma 74119.

2. Defendant is a Florida corporation duly organized under the laws of the State of Florida with its principal place of business located at 3957 NW 126 Ave., Coral Springs, Florida 33065.

### Jurisdiction and Venue

3. This Court has original and exclusive jurisdiction over Plaintiff's claim under 15 U.S.C. § 1125 for trademark infringement pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, and 1338.

1

4.      This Court has jurisdiction over the remaining claims arising under state common law under 28 U.S.C. § 1367 in that this claim is joined with a substantial and related claim brought under the trademarks laws of the United States (15 U.S.C. §§ 1051 *et seq.*), and because judicial economy, convenience, and fairness to the parties will result if the Court assumes and exercise jurisdiction over the state law claim.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(c) and 1391(b)(1).

## Factual Background

6.      Consumers Unified is the owner and publisher of the independent, web-based, consumer news and resource center ConsumerAffairs.com ("ConsumerAffairs"). ConsumerAffairs aggregates consumer reviews and creates corresponding star rating for companies, which it displays on the website www.consumeraffairs.com (the "Website").

7.      Upon information and belief, Defendant is a domestic and international moving company that offers services throughout Florida and the United States.

8.      Upon information and belief, Defendant owns and operates the websites www.ivlmoving.com and www.internationalvanlines.com (collectively, "Defendant's Websites"), which can be viewed by the public throughout the United States.

## The Accreditation Seal

9.      Consumers Unified is the rightful owner of the unregistered ConsumerAffairs Accredited Seal (the "Accreditation Seal"). A true and accurate copy of the Accreditation Seal is attached hereto as Exhibit 1.

10.     Since March 2014, Consumers Unified has continuously used the Accreditation Seal in commerce throughout Florida and the United States. Consumers Unified permits companies to display the Accreditation Seal on their websites who have agreed to comply with

ConsumerAffairs' Code of Good Business Practices and, among other things, to work with ConsumerAffairs to resolve consumer complaints. The only companies that may display the Accreditation Seal are companies that have contracted with Consumers Unified to become "Accredited Members." Consumers Unified also clearly identifies the significance of the Accreditation Seal on the Website. As such, consumers associate the Accreditation Seal with ConsumerAffairs' reputation for offering unbiased and honest reviews. Additionally, consumers rely upon the Accreditation Seal as a symbol of the assurance of an association with ConsumerAffairs and therefore Consumers Unified.

11. The distribution of the Accreditation Seal is widespread through Florida and the United States because it is accessible to anyone with access to the Internet and appears on the Website and the websites of Accredited Members nationwide.

12. Consumers Unified has invested company resources to establish and enforce the Accreditation Seal and establish its reputation in Florida and throughout the United States. Consumers Unified has preserved and maintained, and intends to continue to preserve and maintain, its rights to the Accreditation Seal.

## The Member Accreditation Agreement

13. On April 28, 2016, the parties entered into a Member Accreditation Agreement (the "Original Contract").

14. Due to non-payment, on May 16, 2017, Plaintiff terminated the Original Contract.

15. On May 22, 2017, the parties entered into an amendment to the Original Contract (as amended, the "Contract"). A true and correct copy of the Contract is attached hereto as Exhibit 2.

16. The term of the Contract was one year from the effective date (May 22, 2017) unless terminated earlier or extended per the parties' agreement to renew.

17. Among other things, the Contract permitted Defendant to display the Accreditation Seal on its marketing materials, and provided that Consumers Unified would indicate that Defendant was an Accredited Member on the Website.

18. The Contract also provided that Consumers Unified provide certain services related to consumer review management and lead generation (collectively, the "Services").

19. Finally, the Contract set forth terms pursuant to which the parties settled the amount due to Plaintiff under the Original Contract.

20. Defendant agreed to pay Plaintiff a monthly fee of $25,000 (the "Fee") for the Services under the Contract.

21. Defendant agreed to pay Plaintiff the Fee within 15 days of receiving an invoice from Plaintiff and a 1% daily late fee.

22. Plaintiff provided the Services and timely billed Defendant for the Services.

23. Beginning in September 2017, however, Defendant failed to make certain payments to Plaintiff as required under the Contract.

24. Specifically, the following invoices remain due and unpaid and subject to the 1% daily late fee (collectively, the "Outstanding Balance"):

   a. Invoice 12489, dated 9/22/17, in the amount of $25,000.00 for monthly membership;

   b. Invoice 12946, dated 10/22/17, in the amount of $25,000.00 for monthly membership; and

   c. Invoice 13400, dated 11/22/17, in the amount of $25,000.00 for monthly membership.

25. Plaintiff has repeatedly demanded payment for the Outstanding Balance, but to date Defendant has not made payment on them.

### Defendant's Unauthorized Use of the Accreditation Seal

26. Defendant's failure to pay beginning in September 2017 was a breach of contract that terminated the Contract.

27. Even if the failure to pay did not terminate the Contract, the term of the Contract expired on May 22, 2018.

28. The parties have not renewed the Contract.

29. Therefore, use by Defendant of the Accreditation Seal after September 2017, or May 22, 2018 at the latest, is not authorized by Consumers Unified.

30. In August of 2018, it came to Consumers Unified's attention that Defendant was using the Accreditation Seal on Defendant's Websites without Consumers Unified's consent. *See* Exhibit 3.

31. On August 15, 2018, Consumers Unified sent Defendant a Cease and Desist Letter, through Defendant's counsel, demanding that Defendant remove the Accreditation Seal from Defendant's Websites.

32. To date, Defendant has not responded to the Cease and Desist Letter, and continues to display the Accreditation Seal on Defendant's Websites.

### COUNT I
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

33. Plaintiff realleges and incorporates paragraphs 1–31 as if fully set forth herein.

34. Consumers Unified is the rightful owner of the Accreditation Seal.

35. Defendant's unauthorized use of the Accreditation Seal in interstate commerce constitutes false designation of origin of Consumers Unified's services and falsely represents that Defendant's services are sponsored by, associated with, approved by, or licensed by Consumers Unified or are affiliated or connected with Consumers Unified.

36. Defendant's unauthorized use of the Accreditation Seal is likely to cause confusion, or to deceive as to the affiliation, connection, or association with Consumers Unified, or as to the origin, sponsorship, or approval by Consumers Unified of Defendant's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Upon information and belief, Defendant's conduct has been undertaken knowingly, willfully, and in bad faith.

38. Defendant's conduct has caused and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of Plaintiff in its trademarks, business, reputation, and goodwill.

## COUNT II
## FEDERAL TRADEMARK DILUTION
**(15 U.S.C. § 1125(c))**

39. Plaintiff realleges and incorporates paragraphs 1–38 as if fully set forth herein.

40. As a result of Consumers Unified's extensive and exclusive use of the Accreditation Seal in connection with its services, the Accreditation Seal has become famous and is widely recognized among the consuming public as a designation of an association with Consumers Unified.

41. The Accreditation Seal became famous long before Defendant's infringing activities commenced.

42. Defendant's commercial use of the Accreditation Seal for services that are not controlled by, affiliated with, or sponsored by Consumers Unified has diluted and is continuing to dilute the distinctive quality of the Accreditation Seal by lessening the capacity of the Accreditation Seal to exclusively identify and distinguish Consumers Unified and those companies it intentionally associates with, and by tarnishing the Accreditation Seal through association with Defendant's services, which no longer meet Consumers Unified's standards.

43. Upon information and belief, the foregoing acts were done willfully and deliberately and with the intent to dilute the distinctiveness of the Accreditation Seal in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44. Defendant's conduct has caused and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of Plaintiff in its trademarks, business, reputation, and goodwill.

## COUNT III
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

45. Plaintiff realleges and incorporates paragraphs 1–38 as if fully set forth herein.

46. Consumers Unified owns a valid trademark entitled to protection under Florida common law.

47. Defendant's use of the Accreditation Seal is likely to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's services are affiliated with, sponsored by, or endorsed by Consumers Unified.

48. Defendant's conduct has caused and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of Plaintiff in its trademarks, business, reputation, and goodwill.

49. Defendant's common law trademark violation has been willful, entitling Plaintiff to all remedies available based on common law trademark infringement.

### COUNT IV
### BREACH OF CONTRACT

50. Plaintiff repeats and re-alleges paragraphs 1—38 as if set forth herein.

51. Defendant agreed in the Contract to pay Plaintiff for the Services.

52. Plaintiff provided the Services to Defendant as described in the Contract.

53. Despite repeated requests to remit payment, Defendant still has not paid Plaintiff the Outstanding Balance.

54. Defendant's failure to pay the Outstanding Balance constitutes a breach of the Contract.

55. As a result of Defendant's breach of the Contract, Plaintiff has suffered damages for which Defendant is liable.

### COUNT V
### UNJUST ENRICHMENT

56. Plaintiff repeats and re-alleges paragraphs 1—38 as if set forth herein.

57. This count is pleaded in the alternative to the preceding counts.

58. Plaintiff provided the Services to Defendant, and Defendant has knowledge thereof.

59. Defendant accepted and benefitted from Plaintiff's provision of the Services but did not pay Plaintiff for those Services.

60. Defendant has been unjustly enriched by the Services provided by Plaintiff.

61. The inequity resulting from Defendant's receipt of the Services mandates that Plaintiff be reimbursed.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns, and all those in active concert or participation therewith, from:

(i) Imitating, copying, or making unauthorized use of the Accreditation Seal;

(ii) Using any false designation of origin or false description or performing any act that can or is likely to lead members of the public to believe that Defendant is associated with Consumers Unified or that any service offered or advertised by Defendant is in any way authorized, licensed, sponsored, or otherwise approved by Consumers Unified;

(iii) Engaging in any other activity constituting an infringement of the Accreditation Seal;

(iv) Engaging in any activity that dilutes or tarnishes, or is likely to dilute or tarnish, any of Consumer Unified's trademarks; and

(v) Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (i)–(iv) above;

(b) Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction;

(c) Requiring Defendant to account for all gains, profits, and advantages derived from unlawful conduct;

(d) Granting Plaintiff monetary relief, including Defendant's profits, Consumers Unified's actual damages, and trebled damages and/or increased profits as provided by 15 U.S.C. § 1117(a);

(e) Declaring that Defendant has breached the Contract and granting Plaintiff monetary relief for related damages, including the amount of the Outstanding Balance, plus fees and interest;

(e) Granting Plaintiff its full costs, including reasonable attorney's fees, pursuant to 15 U.S.C. § 1117; and

(f) Granting Plaintiff such other and further relief as the Court may consider equitable, just, and proper.

Dated: September 20, 2018                           Respectfully submitted,


  _/s/ Sara C. Tesoriero_____
Sara C. Tesoriero, Esq.
Florida Bar No.: 125877
c/o Cameron Stracher, Esq.
4 New York Plaza, 2d Floor
New York, NY 10004
Tel: (425) 233-5392
Fax: (646) 810-3089
sara@stracherlaw.com

*Attorney for Plaintiff*